UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>16-14001-CR-MARTINEZ/LYNCH</u>

UNITED STATES OF AMERICA

vs.

SUNLAND PEST CONTROL
SERVICES INC.,

        **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter referred to as "this Office") and SUNLAND PEST CONTROL SERVICES INC. (hereinafter the "defendant" or "Sunland") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

    I.    <u>Guilty Plea</u>

    A.    The defendant agrees to plead guilty to Counts One and Two of the Information filed against it:

    1.    Count 1 of the Information filed charges the defendant with using a registered and restricted use pesticide in a manner inconsistent with its labeling, that is: from on or about June 1, 2015 and continuing through on or about August 16, 2015, in Martin County, within the Southern District of Florida and elsewhere, the defendant being a commercial applicator of registered and restricted use pesticides under the Federal Insecticide, Fungicide, and Rodenticide Act (hereinafter "FIFRA"), knowingly used Zythor, a registered and restricted use pesticide, in a manner inconsistent with its labeling, to wit:

*Exhibit #2*

(A) Prior to the application of Zythor:

    (1) failing to provide the required Zythor Fumigant Structure Occupant Fact Sheet to an adult occupant of the structure to be fumigated;

    (2) failing to open all operable interior doors, openings to rooms, attics, sub-areas, storage rooms and closets; and

    (3) failing to shut off natural gas service to the structure at the main service valve;

(B) Subsequent to Application of Zythor and During Aeration and Clearance:

    (1) failing to have two persons trained in the use of the restricted use pesticide, present on site from the first opening of the tent seal until the securing of the structure at the end of the initial aeration period;

    (2) failing to use a required, approved respiratory protection device to enter the fumigated space at the first opening of the tent seal and during the aeration procedure when the concentration of the restricted use pesticide within the breathing zone of the fumigated space is unknown;

    (3) failing to aerate the fumigated space with all operable exterior windows and doors open, aided by the use of one or more fans capable of displacing at least 5,000 cubic feet of air per minute, for a minimum of one hour;

    (4) failing to post standard warning signs around the fumigated structure during the removal of the tent and ensuring those warning signs remain

2



posted until aeration was complete and final clearance for re-occupancy was given; and

(5) failing to conduct a required clearance of the fumigated structure following a complete aeration procedure by sampling the air within the breathing zone of the fumigated space with an approved and properly calibrated Low Fumigant Level Detection Device until measured levels of the restricted use pesticide were less than one part per million within the breathing zone of the fumigated space;.

(C) Clearance and Re-Occupancy Notification:

(1) hanging a clearance and re-occupancy notice on the front entrance to the fumigated structure without completing the mandated aeration and clearance procedure; and

(2) failing to post the clearance and re-occupancy notice on all other exterior doors to the fumigated structure.

All in violation of Title 7, United States Code, Sections 136*l*(b)(1)(B), 136j(a)(2)(G), 136*l*(b)(4); and Title 18, United States Code, Section and 2.

2. Count 2 of the Information charges the defendant with making a false statement, that is: from on or about August 20, 2015 and continuing through on or about August 27, 2015, in Martin County, within the Southern District of Florida, and elsewhere, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Environmental Protection Agency, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, in that the defendant submitted


information in two signed affidavits, other documents, and oral representations to the Florida Department of Agriculture and Consumer Services, Division of Agricultural Environmental Services, during an investigation of the misapplication of restricted use pesticides resulting in an alleged poisoning stating that: 1) the restricted use pesticide Vikane was used, when in truth and in fact, a different restricted use pesticide, Zythor, was used to fumigate the home; and 2) that the fumigation, aeration, and clearance of the home had been conducted in accordance with the manufacturer's labeling requirements, when in truth and in fact, and as the defendant then and there well knew, the label requirements were not followed for either the restricted use pesticide the defendant claimed it used (Vikane) or the restricted use pesticide it actually used (Zythor).

In violation of Title 18, United States Code, Sections 1001 and 2.

B.   The defendant agrees to waive Indictment by a Grand Jury and agrees to admit that it is in fact guilty of the offenses charged in the Information and that the attached Joint Factual Statement dated this same day is an accurate statement of its conduct.

II.   Corporate Authorization and Organizational Changes

A.   The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that Sunland is authorized to plead guilty to the misdemeanor and felony offenses set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its President is authorized to take these actions and that all corporate formalities required for such authorization have been observed. The defendant agrees that its President shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

4



B.  In consideration of the undertakings herein, Sunland expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement.  This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

III.  Sentencing Guidelines and Penalties

A.  The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the

-5-



statutory maximum authorized by law for the offenses identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B. The defendant also understands and acknowledges that the Sentencing Guidelines advisory provisions relating to the sentencing of organizations (Chapter Eight) do not apply to the imposition of fines for environmental crimes such as that charged in Count 1. *See* Sentencing Guidelines Section 8C2.1 (Commentary-Background). The parties agree that the statutory maximum amount of the fine to be imposed under the statute charged in Count 1 is the greatest of: $200,000, Title 18, United States Code, Section 3571(c)(5), or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d). The parties agree that the statutory maximum amount of the fine to be imposed under the statute charged in Count 2 is the greatest of: $500,000, Title 18, Untied States Code, Section 3571(c)(3), or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d). The defendant also understands that it may be subject to a term of probation of not more than five years with respect to each of Counts 1 and 2. Title 18, United States Code, Section 3561(c)(1) and (2). The defendant further understands the Court may order restitution to any ascertainable victim of the offense conduct pursuant to Title 18, United States Code, Section 3663 and Sentencing Guidelines Section 5E1.1.

C. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $125.00 will be imposed on the defendant with respect to Count 1 and that a special assessment in the amount of $400.00 will be imposed on the defendant with respect to Count 2, both payable to the "Clerk,

-6-



y
z

United States District Court" at the time of sentencing. Title 18, United States Code, Section 3013(a).

D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendations as to the quality and quantity of punishment.

IV. Sentence Recommendation

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court that under the advisory Sentencing Guidelines the following findings and conclusions would correctly represent the calculation of a

reasonable and appropriate sentence. Further, neither party shall adopt nor argue any position with respect to sentencing in this matter contrary to the following recommendations:

A. The parties agree to recommend that the defendant be placed on organizational probation for a period of five years;

B. The parties agree to recommend, that, if the defendant continues to handle pesticides covered by FIFRA and/or hazardous substances, that as a special condition of probation, defendant will establish, implement, and enforce an Environmental Compliance Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1. The ECP shall include training requirements for all employees and will ensure, at a minimum and in addition to any pesticide producer stewardship program or other training requirements, that each employee who participates in fumigations successfully complete week-long University of Florida's Institute of Food and Agricultural Sciences Annual School of Structural Fumigation including successful state examination or other program with equivalent content and requirements.

C. The parties agree that there is an identifiable victim who has suffered a physical injury and/or pecuniary loss in this case as defined by Title 18, United States Code, Section 3663 and Section 5E1.1 of the Sentencing Guidelines and that they will jointly recommend that the Court enter a restitution order for the full amount of the victim's loss.



V.    <u>Additional Liability</u>

The United States agrees that in return for the defendant's representations and undertakings in this agreement, the United States will not file additional criminal charges against it in the Southern District of Florida for violations associated with the application of restricted use pesticides in the Southern District of Florida, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

VI.    <u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has

discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

VII. <u>Binding Final Agreement</u>

This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

DATE: 3/8/16      By: _____
                      Jodi A. Mazer
                      Special Assistant United States Attorney

DATE: 3/8/16      By: _____
                      Thomas Watts-FitzGerald
                      Assistant United States Attorney

REPRESENTATIVES OF DEFENDANT

DATE: 3/10/16     By: _____
                      CRAIG LAWSON, ESQ.
                      ATTORNEY FOR DEFENDANT

DATE: 3/10/16     By: _____
                      SUNLAND PEST CONTROL SERVICES INC.
                      DEFENDANT
                      BY GRENALE WILLIAMS, PRESIDENT